**STATE, Plaintiff-Appellee, v. MORGAN, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5858. Decided March 18, 1958.

Russell Leach, City Atty., Bernard T. Chupka, City Pros., Joseph M. Clifford, Asst. City Atty., Columbus, for plaintiff-appellee.

Isadore Margulis, Columbus, for defendant-appellant.

(HORNBECK, J, of the Second District, sitting by designation in the Tenth District.)

## OPINION

By MILLER, J.

This is a law appeal from a judgment of the Common Pleas Court affirming that of the Municipal Court finding the defendant guilty of practicing medicine in violation of §4731.41 R. C.

Although six assignments of error are made, they all relate to the sufficiency of the evidence to support the charge.

Now. the practice of medicine is defined by §4731.34 R. C., which in part provides that one is engaged in the practice of medicine,

"* * * who examines or diagnoses for compensation of any kind, or prescribes, advises, recommends, administers, or dispenses for compensation of any kind, direct or indirect, a drug or medicine, appliance, application, operation, or treatment, of whatever nature, for the cure or relief of an * * * infirmity, or disease, * * *." (Emphasis ours.)

The record clearly reveals that on February 8, 1957, the appellant had no license to practice medicine; that on said date, by appointment, he examined one Robert J. Morgan in his office located on Oak Street, Columbus, Ohio; that Morgan explained his ailment to the defendant who replied, "Well, I will examine you," which he did by using a certain machine. Upon completion of examination the defendant advised the patient, "I think that you have a little sluggish mitral valve." After this diagnosis the defendant gave him three pills to take immediately and said, "We will wait about fifteen minutes." After waiting this period of time he again checked the patient with the machine and gave him a bottle of pills, saying, "I think that will straighten you up."

It appears further that the patient then paid the defendant the sum of $3.50. stating that he still owed him for the medicine. The appellant urges that the alleged medicine consisted of vitamin pills and therefore was not a medicine. However, this appears to be immaterial, for the services performed by the defendant consisted of a treatment for a bodily infirmity or disease, which constitutes the practice of medicine under §4731.34 R. C.

At the conclusion of the state's case the defendant moved for a dismissal, which was overruled. Thereupon the defendant rested, and offered no evidence in denial of that presented by the prosecution. The weight of the evidence clearly indicates the guilt of the defendant and therefore the court came to the proper conclusion.

Finding no prejudicial error in the record, the judgment will be affirmed.

BRYANT and HORNBECK, JJ, concur.